he must subject himself to expense, trouble and delay, and recover nothing before he could commence a suit against the assignor. It is therefore my opinion that a case of a clear and absolute insolvency at the time of the assignment should be considered an exception to the general rule and that in such cases the assignee may maintain an action against the assignor. But, for reasons assigned (see *ante*), I consider the charge of the court as to this subject erroneous.

But, as I know three of the four judges, the Chancellor, Judges Davis and Rowland, sitting judges in this case have concurred in a different opinion, the law must now be considered to be settled; and that, if the assignee neglects to commence and prosecute a suit against the obligors, this will discharge the assignor from any liability to repay the assignee the amount of the bond even if the obligor was insolvent at the time of the assignment; which is conclusive as to the present cause for no such suit was instituted in the present case and consequently the plaintiff had no right of action.

And the judgment of Common Pleas must be erroneous and ought to be reversed.

## JOHN WOOD v. WILLIAM C. FRAZIER.

High Court of Errors and Appeals.  August, 1824.

*Ridgely's Notebook IV, 450.*

## REBECCA CHASE, Administratrix of William Chase, v. SAMUEL JOHNSON.

Court of Chancery.  In Vacation.  August, 1824.

*Ridgely's Notebook IV, 453.*